IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845<br>1:07-md-1845-TWT |
| KIMBERLY ABRAHAM individually and as next friend of Autumn Abraham, a minor, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONAGRA FOODS, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:09-CV-2844-TWT |
| KEITH ANDERSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONAGRA FOODS, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:09-CV-756-TWT |
| LAMONT ANDERSON an individual, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONAGRA FOODS, INC., a Delaware corporation, | CIVIL ACTION FILE<br>NO. 1:09-CV-1545-TWT |

| | |
|---|---|
| Defendant. | |
| WENDY JOAN AHRENS an individual, et al., | |
|    Plaintiffs, | |
|    v. | CIVIL ACTION FILE NO. 1:08-CV-3693-TWT |
| CONAGRA FOODS, INC., a Delaware corporation, et al., | |
|    Defendants. | |
| CARLOS M. ANDREWS through his guardian ad litem, Tiffany K. Searcy, et al., | |
|    Plaintiffs, | |
|    v. | CIVIL ACTION FILE NO. 1:07-CV-3058-TWT |
| CONAGRA FOODS, INC., a Delaware corporation, et al., | |
|    Defendants. | |
| VIRGINIA SALYERS, | |
|    Plaintiff, | |
|    v. | CIVIL ACTION FILE NO. 1:07-CV-2801-TWT |
| CONAGRA FOODS, INC., | |
|    Defendant. | |

## ORDER

These are personal injury actions. They are before the Court on the Defendant's Motion for Summary Judgment [Doc. 2107], which is DENIED.

I. Introduction

This case arises out of Defendant ConAgra's 2007 recall of Peter Pan and Great Value peanut butter, after the CDC and FDA reported an association between these products and Salmonella Tennessee. After the recall, some consumers sued ConAgra, alleging that they contracted Salmonellosis, a bacterial infection caused by Salmonella Tennessee, after eating Peter Pan or Great Value peanut butter. The lawsuits were consolidated in this Court for pretrial proceedings. During discovery, ConAgra asked each plaintiff how soon after eating the peanut butter they became ill. Some plaintiffs said that they became ill outside the incubation period for Salmonella Tennessee. ConAgra now moves for summary judgment against these plaintiffs on causation grounds.

II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 Other references(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material

fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III.  Discussion

Some plaintiffs say that they became sick less than four hours after eating peanut butter or more than 72 hours after eating peanut butter. Bobby Williams Fact Sheet ("3 hours"); Carl Benyard Fact Sheet ("2 or 3 hours . . . if not sooner"); Laura Ceniceros Fact Sheet ("a few hours"); Alexis Ceniceros Fact Sheet ("a few hours"); Allan Ceniceros Fact Sheet ("a few hours"); Arthur J. Ceniceros Fact Sheet ("a few hours"); Cindy Hippensteil Fact Sheet ("1 hour"); Rebecca McNemar Fact Sheet ("2-3 hours"); Carolyn Mohawk Fact Sheet ("2 hours"); Robert Santore Fact Sheet ("1 hour"); Randee Van Ness Fact Sheet ("2-3 hours"); Gabriel Douglas Fact Sheet ("a few minutes"); Neyurka Davis Fact Sheet ("a few minutes"); Rosalind Frazier Fact Sheet ("immediately"); Aldredgia Johnson Fact Sheet ("3 hours"); Luke Lewis Fact Sheet ("3 hours"); Demon Lewis Fact Sheet ("3 hours"); Elijah McCoy Fact Sheet ("3 hours"); Thalia Moore Fact Sheet ("2-3 hours"); Joada Casey Fact Sheet ("almost immediately"); Kathy Swartz Fact Sheet ("1 hour"); Destiny Benyard Fact Sheet ("2-3 hours . . . if not sooner"); William

Kirby Fact Sheet ("soon"); Dynasty Merriweather Fact Sheet ("right after eating"); Andrea Simon Fact Sheet ("30 minutes"); Joyce Tracy Fact Sheet ("within an hour"); Virginia Salyers Fact Sheet ("1 month").  ConAgra says that these symptoms could not have been caused by Salmonella contamination because the incubation period for Samonella Tennessee is somewhere between four and seventy-two hours.  This conclusion assumes, however, that the plaintiffs accurately remember the exact time that they became ill.  This is not a reasonable assumption for all of the plaintiffs.  First, most plaintiffs completed their fact sheets years after becoming sick.  Second, many plaintiffs did not know about the peanut butter recall when they became ill.  Therefore, they had no reason to connect the peanut butter to their symptoms or take special note of how much time passed between eating the peanut butter and becoming sick.

ConAgra also points out that none of the plaintiffs tested their peanut butter for Salmonella contamination.  However, the plaintiffs may show that the peanut butter was contaminated through other means.  Without more, the plaintiffs' failure to test their peanut butter for Salmonella does not warrant summary judgment.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 2107] is DENIED.

SO ORDERED, this 17 day of February, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge